## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| SEUNGMAN KIM, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:22-cv-367 |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., and | ) | |
| SAMSUNG ELECTRONICS | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiff Seungman Kim files this complaint against Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (together, "Samsung"), alleging infringement of United States Patent Nos. 9,509,822; 9,973,929; 10,085,151; 10,111,098; 10,149,164; 10,299,133; and 11,184,771 ("Asserted Patents," attached as Exhibits 1-7), based on Samsung's making, using, offering for sale, and sale, without Plaintiff's authorization, all Samsung Galaxy and other phone models that include "Smart Lock" functionality, beginning six years prior to the date of this complaint through trial ("Accused Products").

## PARTIES

2.      Plaintiff Seungman Kim is the sole inventor and sole owner of all rights and interest in the Asserted Patents.  Mr. Kim has over 30 years of experience as an engineer, patent agent, and technical specialist.  Mr. Kim resides in Virginia.

3.      On information and belief, Defendant Samsung Electronics Co., Ltd. is a corporation organized under the laws of South Korea, with its principal place of business at 129 Samsung-ro, Maetan-dong, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, South Korea.

4.     On information and belief, Defendant Samsung Electronics America, Inc., a wholly owned subsidiary of Samsung Electronics Co., Ltd., is a corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield, NJ 07660, and with corporate offices in this District at 6625 Excellence Way, Plano, Texas 75023. Defendant SEA may be served with process through its registered agent CT Corporation, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Samsung because Samsung has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Samsung would not offend traditional notions of fair play and substantial justice. Samsung, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and selling the Accused Products. Defendant SEA is registered with the Secretary of State to do business in the State of Texas, and Samsung has not contested personal jurisdiction in this District in prior cases.  *See Speir Tech. Ltd. v. Samsung Electronics Co., Ltd.*, 2:21-cv-00474-RWS-RSP (E.D. Tex.), ECF No. 12, at ¶ 6.

7.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Samsung has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, importing, offering to sell, and selling the Accused Products. Venue is proper as to Defendant SEC because it is a foreign corporation organized under the laws of Korea, with a principal place of business in

Korea. Venue is proper as to Defendant SEA because it has a regular and established place of businesses in this District, including at 6625 Excellence Way, Plano, Texas.  Samsung has not contested venue in this District in prior cases.  *See Speir Tech. Ltd. v. Samsung Electronics Co., Ltd.*, 2:21-cv-00474-RWS-RSP (E.D. Tex.), ECF No. 12, at ¶ 7.

## THE ACCUSED PRODUCTS

8.      "Smart Lock" has been included in Samsung phones since 2015. A true and correct copy of a page from the Samsung website explaining Smart Lock is attached as Exhibit 8.

9.      Smart Lock allows a phone user to select a "trusted place" and/or a "trusted device," and when enabled, allows the phone user to forego the password ordinarily required to unlock a phone when the phone is in a selected trusted location or connected to a selected trusted device, and when less than four hours has elapsed since the last time the user unlocked the phone.

10.      The Accused Products have display panels and processors that receive a password or other user input to unlock the device and that are used to set passwords; have sensors and processors configured to wake or unlock the device when specific motions are detected; and are configured to communicate through a processor with external devices and to transmit and receive data signals to and from those external devices.

11.      The Accused Products are configured to display a Smart Lock menu, a Trusted Places sub-menu, and a Trusted Devices sub-menu, and to require the entry of a password before a trusted place or trusted device is selected or changed.

12.      The Accused Products are configured to detect whether the phone is in a trusted place, whether the phone is connected to a trusted device, and whether the phone is connected to and/or receiving data signals from a Wi-Fi or carrier network.

13.      The trusted devices available in the Trusted Devices sub-menu of the Accused Products includes Bluetooth devices.

14.    The trusted places available in the Trusted Places sub-menu of the Accused Products includes but is not limited to house locations are areas defined by a line on a map.

15.    The Accused Products have a processor configured to not require a password when (a) a trusted place has been selected, (b) the phone is located in the selected trusted place, (c) the phone is connected to and receiving signals from a Wi-Fi or carrier network device, and (d) less than four hours has elapsed since the last time the user unlocked the phone.

16.    The Accused Products have a processor configured to not require a password when (a) a trusted device has been selected, (b) the phone is connected to or receiving data signals from the trusted device, and (c) less than four hours has elapsed since the last time the user unlocked the phone.

## COUNT ONE: INFRINGEMENT OF U.S. PATENT NO. 9,509,822

17.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18.    Samsung has been and is directly infringing the '822 Patent, including without limitation Claims 1 and 19, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), including by making, using, selling, and/or offering for sale in the United States or importing into the United States the Accused Products.

## COUNT TWO: INFRINGEMENT OF U.S. PATENT NO. 9,973,929

19.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

20.    Samsung has been and is directly infringing the '929 Patent, including without limitation Claims 1 and 18, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), including by making, using, selling, and/or offering for sale in the United States or importing into the United States the Accused Products.

## COUNT THREE: INFRINGEMENT OF U.S. PATENT NO. 10,085,151

21.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

22.     Samsung has been and is directly infringing the '151 Patent, including without limitation Claim 1, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), including by making, using, selling, and/or offering for sale in the United States or importing into the United States the Accused Products.

## COUNT FOUR: INFRINGEMENT OF U.S. PATENT NO. 10,111,098

23.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

24.     Samsung has been and is directly infringing the '098 Patent, including without limitation Claim 1, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), including by making, using, selling, and/or offering for sale in the United States or importing into the United States the Accused Products.

## COUNT FIVE: INFRINGEMENT OF U.S. PATENT NO. 10,149,164

25.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

26.     Samsung has been and is directly infringing the '164 Patent, including without limitation Claims 1 and 19, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), including by making, using, selling, and/or offering for sale in the United States or importing into the United States the Accused Products.

## COUNT SIX: INFRINGEMENT OF U.S. PATENT NO. 10,299,133

27.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

28.     Samsung has been and is directly infringing the '133 Patent, including without limitation Claims 1 and 19, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), including by making, using, selling, and/or offering for sale in the United States or importing into the United States the Accused Products.

## COUNT SEVEN: INFRINGEMENT OF U.S. PATENT NO. 11,184,771

29.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

30.     Samsung has been and is directly infringing the '771 Patent, including without limitation Claims 1 and 20, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), including by making, using, selling, and/or offering for sale in the United States or importing into the United States the Accused Products.

## JURY DEMAND

31.     Plaintiff demands a jury trial on all issues.

## REQUESTED RELIEF

32.     Plaintiff requests the following relief:

a.      Judgment in favor of Plaintiff that Samsung has infringed and continues to infringe the Asserted Patents;

b.      Compensatory damages, costs, expenses, and pre-and post-judgment interest under 35 U.S.C. § 284;

c.      Ongoing royalties in an amount to be determined for any continued infringement after the date the judgment is entered;

d.      Reasonable attorney's fees and costs under 35 U.S.C. § 285; and

e.      Any other available relief.

Dated:  September 21, 2022

Respectfully submitted,

*/s/ Matthew Topic*
*(with permission by Jennifer P. Ainsworth)*
Jonathan Loevy
Michael Kanovitz
Matthew Topic
LOEVY & LOEVY
311 N. Aberdeen
Chicago, IL 60607
Telephone: (312)243-5900
jon@loevy.com
mike@loevy.com
matt@loevy.com

Jennifer Parker Ainsworth
Texas State Bar No. 00784720
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone: (903) 509-5000
jainsworth@wilsonlawfirm.com

ATTORNEYS FOR PLAINTIFF
SEUNGMAN KIM